## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

MATRICE R. HARRINGTON,

                    Plaintiff,

v.

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

                    Defendant.

Civil No. 22-471 (JRT/ECW)

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND
RECOMMENDATION OF THE
MAGISTRATE JUDGE AND GRANTING
SUMMARY JUDGMENT**

Clifford Michael Farrell, **MANRING & FARRELL**, P.O. Box 15037, 167 North High Street, Columbus, OH 43215-0037; Edward C. Olson, **REITAN LAW OFFICE**, 80 South Eighth Street, Suite 900, Minneapolis, MN 55402, for plaintiff.

Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Chris Carillo and James D. Sides, **SOCIAL SECURITY ADMINISTRATION, OFFICE OF THE GENERAL COUNSEL, OFFICE OF PROGRAM LITIGATION,** Office 4, 6401 Security Boulevard, Baltimore, MD 21235; Eric B. Tucker, **SOCIAL SECURITY ADMINISTRATION, OFFICE OF THE GENERAL COUNSEL**, 1301 Young Street, Mailroom 104, Suite 350, Dallas, TX 75202, for defendant.

Plaintiff Matrice R. Harrington brought this action against the Acting Commissioner of the Social Security Administration, Kilolo Kijakazi ("Commissioner"), requesting review of an administrative law judge's ("ALJ") denial of Plaintiff's application for Supplemental Security Income Benefits for lack of disability. Upon cross motions for summary judgment, Magistrate Judge Elizabeth Cowan Wright filed a Report and Recommendation ("R&R") recommending denying Plaintiff's motion and granting the Commissioner's

motion, thereby upholding the ALJ's denial.  After a careful review of the record, the Court concludes that the ALJ's decision was not contrary to Dr. Lovko's opinion, that the ALJ properly weighed Dr. O'Regan's opinion, and that there is a lack of medical evidence suggesting that Harrington has a medical need for a cane.  Therefore, the Court concludes that the ALJ's decision is supported by substantial evidence from the record as a whole and will overrule Plaintiff's objections, adopt the R&R, deny Plaintiff's motion for summary judgment, and grant the Commissioner's motion for summary judgment.

## BACKGROUND

The facts of this case are described extensively in the R&R.  Because Harrington does not specifically object to the statement of facts and procedural history in the R&R, the Court will adopt it in full and only briefly summarize the relevant background information here.

## I.    FACTS

Plaintiff Matrice R. Harrington has suffered from a litany of serious medical and mental health challenges over the course of her life, which the Magistrate Judge covered in detail.  (*See* R. & R. at 1–35, Jan. 27, 2023, Docket No. 27; s*ee also e.g.,* Soc. Sec. Admin. R. ("R.") at 13–14, Apr. 29, 2022, Docket Nos. 14, 14-1, 14-2.)[1]  Her physical ailments

---

[1] For convenience and consistency with the R&R, the Court cites to the consecutive pagination of the Administrative Record, rather than the CM/ECF pagination.

include having undergone bilateral knee surgery,[2] leg swelling,[3] arthralgia of bilateral lower legs, primary osteoarthritis of both knees, obesity, tobacco use disorder,[4] significant and debilitating pain when walking,[5] and other significant physical challenges. Harrington has also been diagnosed with depression, post-traumatic stress disorder, anxiety disorder, bipolar disorder, and schizoaffective disorder.  (R. at 13.)

On June 18, 2020, Harrington filed an application for Supplemental Security Income Benefits, claiming inability to function and/or work as of March 3, 2019.  (*Id*. at 95.)  The application was denied initially and on reconsideration.  (*Id*. at 109, 135, 159, 167.)  Harrington requested a hearing and appeared before Administrative Law Judge Erin T. Schmidt on May 4, 2021.  (*Id*. at 11, 41.)  As part of the application process, Harrington was evaluated by a number of experts.  Most relevant to Harrington's appeal are the opinions of three experts: Dr. Ann Lovko, Dr. John O'Regan, and Dr. Stacy Holberg.  The Court will summarize the relevant opinions and the ALJ's decision.

### A.    Opinion of Dr. Ann Lovko

Dr. Ann Lovko is a State Agency Psychologist who examined Harrington for the initial level of her application.  (R. & R. at 22.)  Dr. Lovko determined that Harrington's primary impairments were "Depressive, Bipolar and Related Disorders," and her

---

[2] (R. at 536.)
[3] (R. at 558–59.)
[4] (R. at 547–48.)
[5] (R. at 707.)

secondary impairments were "Trauma- and Stressor- Related Disorders." (R. at 100–01.)

Each of these was considered "severe." (*Id.*) After conducting an extensive medical

evaluation, Dr. Lovko opined in part that

> [t]o the extent [her] physical condition permits, the totality of evidence in file suggests that the claimant is able to: understand, carry out and remember simple instructions; able to make judgments commensurate with functions of simple, repetitive tasks; able to respond appropriately to brief supervision and interactions with coworkers and work situations; able to deal with changes in a routine work setting.
>
> It appears that claimant would be able to manage occasional contact with the public but sustained, intensive, interpersonal contact would be precluded. The claimant would appear to work best alone, in semi-isolation from others or as part of a small group. Totality of the MER suggests the claimant seems to be able to maintain at least a minimal level of relationship with others.

(*Id*. at 107.)

## B.    Opinion of Dr. John O'Regan

Dr. John O'Regan conducted a consultative examination of Harrington on

November 5, 2020. (*Id*. at 1123.) Most of the examination consisted of self-reported

symptoms from Harrington. (*See generally id*. at 1123–29.) Dr. O'Regan reviewed at least

some of Harrington's medical records, including a University of Minnesota Fairview

record in which Harrington was diagnosed with asthma, gastroesophageal reflux disease,

bipolar disorder without psychosis, and knee pain. (*Id.* at 1124–25.) The same record

also noted that Harrington had two prior suicide attempts and was hospitalized once in

Mississippi. (*Id.* at 1125.) Dr. O'Regan also reviewed two notes from Nystrom and

Associates, who treated Harrington for major depressive disorder and seasonal affective disorder. (*Id.*) Ultimately, Dr. O'Regan concluded that,

> [b]ased on her current social and emotional functioning, she has the mental capacity to understand, remember and follow simple and complex instructions. Her capacity to sustain attention and concentration, however, is impaired as a result of her medical condition, further exacerbated by her mood disorder. Thus, she would not be able to carry out work-like tasks with reasonable pace or persistence. She would also have significant difficulty responding appropriately to brief and superficial contact with coworkers, supervisors and the public due to her paranoid thinking.
>
> It is this examiner's opinion that the client would not be able to tolerate the stress and pressure typically found in an entry-level workplace.

(*Id*. at 1128.)

### C.    Dr. Stacy Holberg

Dr. Stacy Holberg is the state physician who conducted Harrington's evaluation as part of the reconsideration stage. (*See* R. & R. at 26*;* R. at 120–36.) Dr. Holberg noted that Harrington can only walk about 1.5 blocks and uses an unprescribed cane and brace/splint. (*Id.* at 121.) Dr. Holberg noted that Plaintiff has various exertional limitations (*See id*. at 126.) Dr. Holberg also noted Harrington's postural limitations, including that a cane was required for "distance or uneven/slippery ground." (*Id.* at 127.) Dr. Holberg also noted that Harrington has environmental limitations and opined that she should avoid concentrated exposure to wetness, vibrations, and hazards such as dangerous machinery or unprotected heights. (*Id.* at 127–28.)

**D.     The ALJ's Decision**

After evaluating her application, the ALJ concluded that Harrington was not disabled on May 28, 2021. (*See* R. at 8–24.)  The ALJ followed the required five-step sequential evaluation process under 20 C.F.R. § 416.920(a)(4) (2012).  First, the ALJ determined that although Harrington had worked after she filed her application on June 8, 2020, that work did not rise to the level of substantial gainful activity.  (*Id*. at 13.) Second, the ALJ determined that Harrington suffers from severe impairments that significantly limit her ability to perform basic work activities.[6]  (*Id.*)  Third, the ALJ concluded those impairments, though significant, did not—individually or combined— meet the severity required under 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*Id*. at 14– 16.)  Fourth, the ALJ concluded, based on the record, that Harrington has the following residual functional capacity ("RFC")[7]:

> [T]o perform light work as defined in 20 CFR 416.967(b) except standing and walking limited to two hours maximum, no kneeling or crawling, occasional stooping, crouching, and climbing ramps and stairs, no climbing ladder, ropes or scaffolds, no ambulation on wet, uneven or moving surfaces, simple routine tasks, occasional interaction with supervisors

---

[6] An impairment is a condition that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 1382c(a)(3)(D).

[7] A disability claimant's RFC is the most the claimant can do as determined by the combined limiting effects of all impairments, including both severe and non-severe impairments. 20 C.F.R. § 404.1545(a), (e).  An RFC must be "based on all the relevant evidence in [the claimant's] case record."  20 C.F.R. § 404.1545(a)(1).

and coworkers, no tandem tasks with coworkers, and no interaction with the general public.

(*Id*. at 16–17.)  In support of this finding, the ALJ considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" and also "the medical opinion(s) and prior administrative medical finding(s)."  (*Id*. at 17.)

Finally, the ALJ concluded that Harrington could perform a number of available jobs in the economy, including polisher, inspector, and laminator.  (*Id*. at 23.)  Thus, Harrington's application was denied.

Harrington appealed the ALJ's decision to the Appeals Council, but review was denied, which made the ALJ's decision the final decision of the Commissioner.  (*Id*. at 1.)

## II.   PROCEDURAL HISTORY

Harrington appealed the ALJ's decision to the Court on February 21, 2022.  (*See generally* Compl., Feb. 21, 2022, Docket No. 1.)  Both Harrington and the Commissioner filed cross motions for summary judgment.  (*See* Pl.'s Mot. Summ. J., June 28, 2022, Docket No. 15; Def.'s Mot. Summ. J., Sept. 12, 2022, Docket No. 21.)  The Magistrate Judge issued an R&R recommending the Court deny Harrington's motion and grant the Commissioner's.  (R. & R. at 51.)  The Magistrate Judge concluded that the ALJ's decision was substantially supported by the record.  (*Id.* at 36–51.)  Harrington properly objected to the Magistrate Judges recommendation to uphold the ALJ's decision.  (Pl.'s Obj. to R. & R., Feb. 10, 2023, Docket No. 28.)

**DISCUSSION**

I.   **STANDARD OF REVIEW**

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo "properly objected to" portions of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Unobjected portions of the R&R are also only reviewed for clear error.  Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

II.   **ANALYSIS**

Because this is a dispositive motion, the Court will review Harrington's objections to the R&R de novo.  *See* LR 7.1(c)(6)(B) (identifying motions for summary judgment as dispositive).

-8-

When reviewing a denial of benefits, a court is limited to reviewing whether the decision complied with the law and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). A court must uphold a denial of benefits based on factual findings if the denial "is supported by substantial evidence on the record as a whole." *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). "[T]he threshold for such evidentiary sufficiency is not high . . . It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and internal quotation marks omitted).

Still, this requires considering both evidence that supports and detracts from the ALJ's decision. *See Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence, however, may be less than a preponderance of the evidence and a court may not reverse the ALJ's decision "even if substantial evidence would have supported a contrary decision or even if [it] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022). In other words, if one can reasonably draw two inconsistent conclusions, both of which are supported by the evidence, and one supports the ALJ's findings, the Court must affirm the ALJ's decision. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

When evaluating whether substantial evidence supports the conclusion, the Court, however, may only consider the rationale the ALJ gave for the decision. *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001) ("A reviewing court may not uphold an agency decision based on reasons not articulated by the agency, when the agency has failed to make a necessary determination of fact or policy upon which the court's alternative basis is premised." (cleaned up)); *see also SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943). Thus, even if there is evidence in the record for an alternative rationale that would support the outcome reached by the ALJ, a reviewing court may not search the record for this evidence. *See Mayo v. Schiltgen*, 921 F.2d 177, 179 (8th Cir. 1990). Still, standing alone, an ALJ's failure to adequately explain the rationale or factual finding or to address specific facts in the record does not require a reviewing court to remand if the record as a whole provides substantial evidence for the decision. *Vance v. Berryhill*, 860 F.3d 1114, 1118 (8th Cir. 2017); *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998).

Plaintiff objects to the R&R and argues that both the ALJ and the Magistrate Judge (1) failed to consider limitations provided by Dr. Ann Lovko, (2) failed to properly consider Dr. O'Regan's opinion, and (3) erred in finding that an assistive walking device was not medically necessary. The Court will consider each objection separately.

### A.  Objection I – Lovko's Opinion

First, Harrington argued to the Magistrate Judge that the ALJ failed to properly account for the limitations provided by Dr. Lovko. Specifically, she notes that Dr. Lovko opined that Ms. Harrington would "work **best** alone, in semi-isolation from others or as

part of a small group" and that she would be able to carry out "simple, repetitive tasks." (R. at 107 (emphasis added).)  However, the ALJ did not include these specific limitations in the assessment of Harrington's RFC.  Instead, the ALJ concluded that Harrington could have "**occasional** interaction with supervisors and coworkers." (*Id*. at 20–21 (emphasis added).) The Magistrate Judge was not persuaded that the ALJ's decision was in "direct conflict" with Dr. Lovko's opinion.  (R. & R. at 40.)

The Court agrees with the Magistrate Judge.  Contrary to Harrington's assertion, Dr. Lovko did not opine that Harrington must be restricted to working alone or in semi-isolation.  Instead, Dr. Lovko stated that it "would appear" that those would be the "best" working conditions for her.  That is not in conflict with the ALJ's finding that Harrington could have occasional interactions with supervisors and other coworkers.  Even assuming that Dr. Lovko did in fact recommend that she only work alone, the ALJ is not required to follow that recommendation where, as here, the record suggests it is not supported by the overall evidence.  *See Mistelle S. v. Saul*, No. 19-01153, 2020 WL 3405437, at *7 (D. Minn. June 2, 2020) ("An ALJ may discount a medical opinion if it is inconsistent with other substantial evidence in the record.") (citing *Goff v. Barnhart*, 421 F.3d 785, 790–91 (8th Cir. 2005)).  The ALJ directly addressed Dr. Lovko's opinion but found it to be only "partially persuasive."  (R. at 16 (stating that the record "supports no more than mild limitations in understanding, remembering or applying information, and in adapting or managing oneself").)

-11-

Additionally, the Court concludes that the ALJ's findings are consistent with Dr. Lovko's opinion that Harrington can perform simple and repetitive tasks: the ALJ specifically recommended that Harrington be limited to simple routine tasks.  Therefore, the ALJ did not err in her consideration of Dr. Lovko's opinion.

### B.    Objection II – Dr. O'Regan Opinion

Next, Harrington argued that the ALJ erred by not explicitly considering the supportability of Dr. O'Regan's opinion and therefore failed to give it the proper weight.[8] Supportability is defined as "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be."  § 404.1520c(c)(1). Supportability is one of the "most important factors" considered when evaluating the persuasiveness of medical opinion.  § 404.1520(a).

The ALJ determined that Dr. O'Regan's opinion was not persuasive because it was "not supported by the mostly normal mental status examination, the claimant's reports to her treating clinicians that she was doing well, or by the claimant's reported activities, including traveling to assist family members in crisis."  (R. at 21.)

The Magistrate Judge agreed and found that the ALJ properly considered the supportability factor as required by 20 C.F.R. § 404.1520c.  The Magistrate Judge

---

[8] As of March 27, 2017, ALJ's must consider "supportability" as a factor in determining whether to consider medical opinions and prior administrative medical findings.  § 404.1520c.

reiterated that Dr. O'Regan used a limited sample of Plaintiff's extensive medical record and that the ALJ's review of the entire record showed that Plaintiff often had a normal mental status examination and was receiving treatment she found helpful.  (R. & R. at 46.)

Harrington objects and argues that the Magistrate Judge failed to evaluate supportability properly and explicitly.[9]  Specifically, Harrington notes that whether Dr. O'Regan had access to limited medical records or whether his opinion was consistent with other records does not go to whether the opinion was properly supported, but rather to whether it was consistent.  Therefore, Harrington argues, neither the ALJ nor the Magistrate Judge actually considered the information that Dr. O'Regan used to support the opinion.

The Court is satisfied that the ALJ properly considered supportability.  Although the ALJ could have been more explicit, she specifically stated that the opinion was not supported "by the mostly normal mental status examination," which Dr. O'Regan conducted.  (*See* R. at 21, 1125–27.)  The ALJ also noted that Dr. O'Regan's opinion "is based in part on the claimant's physical condition, which is outside the consulting psychologist's area of expertise."  (*Id*. at 21.)  The Court concludes it was reasonable for the ALJ to not find the opinion to be properly supported.

---

[9] The ALJ must articulate how persuasive it finds a medical opinion and specify how supportability and consistency were each considered.  §§ 404.1520(b), (b)(2).

Harrington argues that had the ALJ properly considered Dr. O'Regan's opinion, she would have given credence to the fact that Harrington reported hallucinations, exhibits a dysphoric tone, had a below-average attention span, and struggled with self-esteem, suicidal ideation, sleep disturbances, and fatigue. (Pl.'s Obj. to R. & R. at 6.) However, most of those findings were part of the mental status examination conducted by Dr. O'Regan, which the ALJ explicitly found to be "mostly normal." Although the Court acknowledges that Harrington has experienced many physical and mental ailments that limit her daily life, the Court will not disturb the ALJ's findings unless it is not supported by substantial evidence, and in this case that bar is met. As the Magistrate Judge properly found, there is substantial support in the record for the ALJ's conclusion regarding Dr. O'Regan's opinion. (R. & R. at 47.)

### C.    Objection III – Walking Device

Finally, Plaintiff argued to the Magistrate Judge that the ALJ erred by determining that she did not medically require a cane. The primary reason for Harrington's claim is that Dr. Holberg made an apparent determination that a cane was required for "distance or uneven/slippery ground." (R. at 127.) The ALJ noted that at the reconsideration level, the state agency had limited Harrington to light exertion work, using a cane for distances or on uneven/slippery ground. (*Id*. at 21.) However, the ALJ concluded that there is no support in the record for use of a cane as medically necessary on a continued basis. (*Id.*) The Magistrate Judge agreed that the record does not support a medical need for a cane.

-14-

The Magistrate Judge noted that medical providers did observe that Harrington used a cane, but that she was not prescribed one.  (R. & R. at 49–50.)

Harrington objects to the Magistrate Judge's recommendation because Dr. Holberg is a physician and specifically opined that Harrington required the cane, at least for certain situations.  The dispute centers on whether Dr. Holberg's recommendation indicates Harrington **needs** a cane, or if she simply uses one.  "An ALJ must consider limitations resulting from a claimant's use of a cane only if the cane is 'medically necessary' or 'medically required.'"  *Mya Y. v. Saul*, 20-1296, 2021 WL 3023691, at *4 (D. Minn. June 28, 2021) (citation omitted).  Courts typically require "an **unambiguous opinion** from a physician stating the circumstances in which the assistive device is medically necessary."  *Id.* at *5 (emphasis added) (collecting cases).

Though Dr. Holberg is in fact a physician, the record does not include an unambiguous opinion that Harrington medically needs a cane.  Critically, the ALJ's decision specified that there is no support for use of a cane as "medically necessary **on a continued basis**."  (R. at 21.)  The language Harrington relies on is from a form where the physician lists postural limitations—not a diagnosis or prescription.  Additionally, the entirety of the opinion regarding the cane is "Cane for distance or uneven/slippery ground." The Court does not construe this to opine that continued use of a cane is medically necessary.  Furthermore, it would appear the ALJ did in fact take this opinion

into account, as she recommended Harrington be limited to no more than two hours maximum standing and walking and no ambulation on wet, uneven, or moving surfaces.

Therefore, the Court concurs with the Magistrate Judge's recommendation that the ALJ's did not err in finding Harrington's use of a cane is not medically necessary.

## CONCLUSION

Considering the record as a whole, there is substantial evidence to support the ALJ's treatment of Harrington's application.  Though the Court recognizes that Harrington does indeed have medical and mental impairments that make some types of work challenging for her, the ALJ properly considered each of the relevant medical opinions and evidence, crafted an appropriate RFC for Harrington, and properly denied the application for benefits.  The Court will therefore adopt the Magistrate Judge's R&R, overrule Harrington's objections, deny Harrington's summary judgment motion, and grant the Commissioner's summary judgment motion.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Docket No. 28] is **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [Docket No. 27] is **ADOPTED**;

3. Plaintiff's Motion for Summary Judgment [Docket No. 15] is **DENIED**; and

4. Defendant's Motion for Summary Judgment [Docket No. 21] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


DATED: March 15, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge